# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:07CV-186-H

**JAMES S. MCQUEEN**                                                                                        **PLAINTIFF**

**v.**

**JAMES S. MCQUEEN**                                                                                       **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff James S. McQueen, a *pro se* litigant from Buffalo, New York, filed an incomprehensible complaint in this Court. He names himself as Defendant in the caption, and in the parties section of the complaint, he lists "Foster Families" as an additional Defendant. As grounds for filing suit in federal court, he writes, "treason, against the U.N. Government," and as his statement of claim, he writes, "Social Security office [illegible] murder." Finally, in the prayer-for-relief section of the complaint form, he writes, "accused convicted already by me alone Sentence <u>to die</u>."

Rule 8 of the Federal Rules of Civil Procedure provides, in part, that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the grounds upon which the court's jurisdiction depends. . . ." Fed. R. Civ. P. 8(a)(1). Without jurisdiction, courts have no power to act. *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial,

frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

In the instant case, the Court concludes that the complaint lacks an arguable or rational basis in law and fact and is, thus, frivolous and wholly devoid of merit, necessitating dismissal of the action for lack of subject matter jurisdiction.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "'does not require a court to conjure allegations on a litigant's behalf,'" *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 Fed. Appx. 579, 580 (6th Cir. 2001)), and the Court is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
4412.005

2